UNITED STATES DISTRICT COURT       SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas
**ENTERED**
November 23, 2021
Nathan Ochsner, Clerk

| | |
|---|---|
| Tiffany Denise Fox, § § | |
| Plaintiff, § § | |
| versus § § | Civil Action H-21-2146 |
| Texas Department of Family and Protective § Services, et al., § § | |
| Defendants. § | |

## Opinion to Dismiss

1. *Introduction.*

   Tiffany Fox is the mother of three. The State of Texas terminated her parental rights to two of her three children, A.K.C.K. and I.G.K., who were under 18 years. The third child was an adult at the time of the state suit. The trial court found it would be in the children's best interest to have her parental rights terminated because Fox endangered them. The court determined that Fox was erratic and failed to comply with the court's orders. She appealed the trial court's judgment. The Fourteenth Court of Appeals affirmed.

   On July 1, 2021, in federal court, Fox sued every person who worked on her child custody case. Fox claims that she and her children's fundamental rights were violated based on child-custody proceedings and decisions made by Judge Shapiro and the Texas Department of Family and Protective Services employees. She sued for legal theories from state and federal law as well as common law. As a pro so litigant, the court will construe her pleading liberally and hold them to a less stringent standard than those drafted by attorneys.

2. *State Court Decisions.*

   *Rooker-Feldman* bars federal courts from reviewing state court judgments, including claims that are "inextricably intertwined" with the merits of state court

judgments.[1] Fox is seeking to re-litigate a state court judgment. Her request for a declaratory judgment and monetary damages of $48 million are tied with the state court's decision to terminate her parental rights.

Fox appealed the state court judgment. The appeal confirmed the trial court's decision that it was in the children's best interest to end Fox's parental rights. This court lacks jurisdiction to review a past state-court judgment.

The Texas personnel who acted in concert with the child well-being proceedings are also protected from liability because their acts are "inextricably intertwined" with the state court's decision.

3. *Texas Department of Family and Protective Services.*

    A. *The Department*

Fox asserted claims against the Texas Department of Family and Protective Services and its employees. In a 119 page, largely unorganized complaint, she makes vague and conclusory allegations against the State's intervention on behalf of her victimized children by accusing their foster care givers and social workers of various wrongs. Every claim raised against the Department in the complaint arose out of the state court's proceedings to terminate Fox's parental rights. It is barred under the national constitution.

The Eleventh Amendment limits suits against states in federal courts unless a State consents. Texas has a limited waiver that does not apply in this case. Fox's claims against the State of Texas are barred by the Eleventh Amendment. As an extension of the State, the Department and its Commissioner, Jaime Masters, receives immunity.

Fox had initially sued Julie Change in her official capacity as the Chief Executive Officer of the Department. On November 11, 2021, she filed a motion to substitute Betsy Runge as the Director of the Children Assessment Center. It is unclear whether this Center is the same entity as the Department. If so, Runge receives immunity. Even if she is not immune under the Eleventh Amendment, the facts alleged against Change for overseeing the foster care

---

[1] *See United States v. Sheperd*, 23 F.3d 923, 924 (5th Cir. 1994)

2

system, and now Runge, would be barred in this court by *Rooker-Feldman* because her claims are tied to the child-custody proceeding.

B.  *Child Protective Service Workers*

Fox sues a broad swath of employees at the Department, some who did not work on her case. Katie Olse, a former employee of the Department, did not work for the department during Fox's child-custody removal or other proceeding. Because Fox does give a cognizable claim against Olse, the claims against her are dismissed.

The majority of Fox's claims are against Defendants' Demetrias Byrd, Roikesha Rochester, Johnette Finely, DeEdra Powell, and Stacy Truss, who are employees of the Department. They worked on Fox's child-custody case.

Fox's pleading claims the child protective services workers violated her civil rights protections under the Constitution. To prevail on a civil rights claim, Fox must establish that a person with the authority of the state deprived her of a federally-protected right. It is unclear from the complaint what federal right, if any, the defendants violated by visiting her home and requesting that she undergo a psychological evaluation.

These employees were acting within their discretionary authority. Because the child protective services employees do not violate a "clearly-established" constitutional right, they are protected by qualified immunity.

C.  *The Prosecutors*

Lynn Chamberlin and Courtney Hernandez are Assistant Harris County Attorneys. They were the prosecutors in the state court proceeding. Prosecutors have absolute immunity for conduct in preparation for and presenting the State's case.

For this reason, and those above, Fox's claims against the prosecutors are also dismissed.

4.  *Kaysie Taccetta, Jose Martinez, and Katie Murphy*

Fox does not describe a factual allegation against Taccetta. She does not include this defendant in her pleading or show why she is entitled to relief against Taccetta. Her claims will be dismissed.

3

Jose Martinez was named as a defendant by Fox. Because service was unexecuted, her claims against Martinez are dismissed for lack of service.

No facts in the pleading are alleged against Katie Murphy. It is unclear whether she has been properly served. Damani Jerrols, an employee at the Light Accommodation Child Placement Agency, signed on behalf of Murphy. Fox does not specify Katie Murphy's role in her pleading or where she is or was employed. Fox's claims against Murphy will be dismissed for improper service and failure to state a claim.

She also names the "United State," City of Houston, and County of Houston as defendants. Not one has been served. Fox's claims against these defendants are dismissed for improper service.

5. *Unnamed "Does."*

Fox alleges that "does" sabotaged her mental health assessments and gave false testimony. Because she does not allege specific facts against specific defendants that supply the court with facts for a claim, her claims against the "does" will be dismissed.

6. *Conclusion.*

Fox has not plausibly pleaded facts for her claims against any of the defendants. All claims against all defendants in this case will be dismissed with prejudice.

Signed on November 23, 2021, at Houston, Texas.

Lynn N. Hughes
United States District Judge